### ROGERS v. MOORE.

### MOORE v. ROGERS.

(Circuit Court of Appeals, Fifth Circuit. March 29, 1898.)

#### No. 608.

1. MORTGAGES—DISTRIBUTION OF PROCEEDS.

When several notes given by the same debtor, growing out of the same transaction, and all due and payable, are secured equally by a mortgage, and there is a judicial foreclosure on all the notes, the proceeds of the sale should be credited pro rata on the notes.

2. SAME—LIABILITY OF SURETY.

Though the purpose of the mortgagor and mortgagee, in getting the indorsement of two of a series of notes secured by a mortgage, is to grant additional security outside of the mortgage, the indorser not being a party to such understanding, his obligation cannot be extended by parol evidence, but is measured by the notes he indorsed, and he is liable only for the balance due on such notes after they have been credited with pro rata share of proceeds.

In Error and Cross Error to the Circuit Court of the United States for the Eastern District of Louisiana.

In December, 1888, by notarial act, John S. White, of New Iberia, La., purchased from Sherman Rogers a certain plantation in the parish of Iberia, this state, for the price of $35,000, paying $10,000 cash, and for the balance giving five promissory notes, each for the sum of $5,000, secured by vendor's lien and mortgage, payable, respectively, on the 1st day of January, 1890, 1891, 1892, 1893, and 1894. At the time of the sale Rogers exacted additional security for the payment of the two first notes, and same was given by John T. Moore, who indorsed the two notes, of $5,000 each, maturing January 1, 1890, and January 1, 1891. The first note was paid. The second forms the basis of this suit, wherein the plaintiff claims the face of the note, $5,000, with interest from December 12, 1888. The defendant answered, admitting placing his signature on the note, but that he did so, not as indorser, but as surety; and denying liability on the grounds that the term of payment of the note sued on had been extended by the plaintiff at the request of the maker, without defendant's knowledge or consent; that the note sued on was secured by mortgage on certain property of John S. White, the maker of the note, and at the time the said note became due the property was of ample value to pay the same if the mortgage had been enforced, and that defendant could have protected himself against loss in the event that payment had been exacted from him at that time; that, owing to depreciation in sugar lands and plantation property in this state, defendant, if held liable to plaintiff, would be without recourse or recoupment against White, and would suffer loss and injury entirely due to the failure of plaintiff to enforce his rights in due time, and the extension granted by him to said White without defendant's consent. Thereafter, on May 11, 1895, the plaintiff filed a bill in the circuit court setting forth his ownership of the four notes given in part payment of the purchase price and remaining unpaid, secured by vendor's lien and mortgage, and prayed for an order of seizure and sale. Included in the four notes was the one on which this suit had been brought. Executory process is-

sued, and, acting under the writ of seizure and sale, the marshal, on the 6th day of July, 1895, sold the plantation for the price of $23,355, against which were charges to the amount of $2,358.13. The balance of $20,996.87 was turned over to plaintiff's solicitor, leaving a balance due on the writ of $1,910.62, for which amount plaintiff is now seeking to hold defendant in this case. On November 27, 1895, after the sale of the mortgaged property, the defendant herein filed a supplemental answer, setting up the following as additional defenses: "That the note sued on herein, which was signed by defendant as surety, was one of five promissory notes dated December 12, 1888, payable, respectively, on the 1st of January, 1890, 1891, 1892, 1893, and 1894, each for the sum of five thousand dollars, secured by mortgage and vendor's lien on the property of John T. White, the maker thereof, by act before P. L. Renoudet, notary public of the parish of Iberia, state of Louisiana, of date December 12, 1888, as will fully appear from a certified copy of said act of mortgage, which is hereto annexed and made part hereof. That since the filing of the original answer herein, the plaintiff, Sherman Rogers, brought suit on four of the aforesaid notes, including the one herein sued on, and foreclosed the mortgage on the said property of John T. White, the maker thereof, numbered and entitled '12,405, United States Circuit Court, Eastern District of Louisiana. Sherman Rogers vs. John T. White,'—on the equity side of this honorable court. That pursuant to the writ of executory process issued, said property was sold by the marshal of this honorable court for the sum of twenty-three thousand three hundred and thirty-five dollars, the net proceeds of which, after deducting costs of said seizure and sale, and of payment of taxes, amounted to $20,926.87, and were paid to plaintiff, or his solicitor, in satisfaction of his claim, all of which will be seen more fully from the record in the aforesaid suit and the marshal's return thereto annexed, which are made part hereof for reference. Defendant further avers that, according to law, the proceeds of sale received by plaintiff should be first imputed to the payment of the note on which defendant was surety, because it was an older debt than the subsequent notes, and also one which the maker thereof had the most interest in discharging, as being the most onerous; and that such imputation, as required by law, has, therefore, extinguished any and all liability on the part of defendant, if any subsisted after the extension granted by plaintiff to the maker of the note as set forth for cause of discharge in the original answer." The trial resulted in a verdict for the plaintiff against the defendant for the sum of $477.45, and judgment was rendered accordingly.

The bill of exceptions reserved by the plaintiff shows as follows: "Counsel for the plaintiff then and there requested the court to instruct the jury to find a verdict for the plaintiff in the sum of nineteen hundred and ten dollars and sixty-two cents, with 6 per cent. interest thereon from July 6, 1895, with 5 per cent. attorney's fees upon the principal sum of five thousand dollars, with interest sued for in this suit; which instruction the court refused to give, to which ruling plaintiff, by his counsel, then and there excepted, and was allowed a delay within which to prepare a formal bill of exceptions; after which the court then and there instructed the jury to find a verdict for the plaintiff for the sum of four hundred and seventy-five dollars and fifteen cents, with 6 per cent. interest thereon from July 6, 1895. That, in the alternative of the refusal by the court to instruct the jury to find a verdict for the plaintiff as above requested, and not otherwise, plaintiff's counsel requested the court to give the jury the following instructions: 'If you find from the evidence that the defendant Moore bound himself as surety for the payment of the note sued upon in this case, and that the said note, with others, was secured by the same mortgage on the Bayside plantation, and that such other notes matured after the one sued upon here, and that Rogers did not foreclose his mortgage securing any of the notes until after the maturity of all of them, you are instructed that the failure of the plaintiff to foreclose his mortgage at the maturity of the note sued upon here, or before May 10, 1895, did not release defendant from the obligation which resulted from his placing his name upon the note sued upon in this case. The plaintiff had the right to forbear from proceeding against White on the mortgage, at least as long as the note sued upon here was not prescribed; and such forbearance would not release or affect the liability of Moore.' 'If you find from the evidence that the defendant Moore bound himself as surety to pay the note sued upon, that the said note was one of four representing the unpaid

portion of the price of the sale of the Bayside plantation, and that the purpose of Moore's binding himself as surety was to furnish to the plaintiff a security additional to that afforded by the mortgage securing all four notes, you are instructed that, if you find the said plantation was sold in foreclosure of said mortgage, and that the net proceeds of the sale were not sufficient to pay the whole amount, in principal and interest, of said note, you are instructed that any deficiency of said proceeds to pay the entire debt, with interest, represented by all of said notes, is to be imputed to the note sued upon in this case, and that upon the same the said Moore is responsible for such difference as you may find between the entire debt represented, in principal and interest, by all of said notes, and the net proceeds realized by the marshal at said sale; also for eight per cent. per annum interest upon the same from the 6th day of July, 1895, and five per cent. attorney's fees upon the same.' All of which was refused by the court; to which ruling the plaintiff then and there, by his counsel, excepted."

The bill of exceptions reserved by the defendant shows as follows: "Defendant's counsel requested the court to instruct the jury to find a verdict for defendant dismissing plaintiff's claim with cost, which instruction the court refused to give; to which ruling defendant, by his counsel, then and there excepted, and was allowed a delay within which to prepare a formal bill of exceptions. That, in the alternative of the refusal by the court that the jury be instructed to find a verdict for the defendant as requested, and not otherwise, defendant's counsel requested the court to give the jury the following instructions: '(1) If the jury find that the time for the payment of the note was extended without the consent of the surety, for a consideration, then they should find for defendant. (2) If the jury find that interest on interest was accepted by plaintiff from White on extension of payment of the note, then such acceptance of interest was sufficient consideration for the extension, and they must find for defendant. (3) The jury is instructed that, while mere inaction does not release the surety, he will be released by an act of the creditors which impairs his rights. (4) The jury is instructed that consent need not be expressed; it may be implied from the acts of the creditors. (5) The jury is instructed that, where there are several debts, payment is imputed to the oldest due; that is, the one maturing first. And if the jury find that the note sued on was one of a number bearing on the property in question, and the name of the defendant was placed on this note as additional surety, then the proceeds of this property should be first imputed to the payment of the note as being the most onerous,—the one for which double security was given,—and they must, therefore, find that defendant's liability is extinguished.' All of which was refused by the court, and to which ruling the defendant then and there, by his counsel, excepted."

The verdict of the jury, which was for less than the plaintiff claimed, and for more than the defendant conceded, and was probably directed by the trial judge, appears to have satisfied neither party, for both sue out a writ of error, and ask a review by this court on the questions saved in their respective bills of exception.

Branch K. Miller, for plaintiff in error.

W. C. Dufour, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

After stating the facts as above, PARDEE, Circuit Judge, delivered the opinion of the court.

The request made by the defendant below for instructions to the jury to find a verdict for the defendant, dismissing plaintiff's claim with costs, and, in the alternative, that several propositions mentioned in the bill with reference to the discharge of the surety by reason of the extension of time to pay granted by the creditor to the principal debtor, or by reason of the delay and inaction of the creditor, be given to the jury, were none of them warranted by the evidence in the case. The record does not show sufficient evidence to warrant a finding that

by reason of any extension of time granted to the principal debtor to pay, or that by any delay or inaction of the creditor, the surety had been discharged; and the instructions asked in that direction could have had no other effect, if given, than to mislead the jury from the real issues in the case. Where the law imputes payment on a debt, any surety, or any other person whose rights are affected by the imputation actually made, has an interest to question the same, and the right is permitted in Louisiana. Rev. Civ. Code, art. 3060; Reusch v. Keenan, 42 La. Ann. 419, 7 South. 589. Where several notes given by the same debtor, growing out of the same transaction, and all due and payable, are secured equally by a mortgage, and there is a judicial foreclosure of the mortgage on all the notes, the proceeds of the sale of the mortgaged property, if not sufficient to pay all the notes, should be credited pro rata on the several obligations secured. This is the case where the same creditor holds all the obligations (Eyle v. Roman Catholic Church, 36 La. 310), and particularly where third persons, such as sureties on some of the notes, are interested in the distribution of the proceeds of the mortgaged property. The proceeds of the sale of Bayside plantation, having been insufficient to pay the four notes remaining unpaid, and which were equally secured by the mortgage from White to Rogers, should have been applied pro rata, and not to the extinguishment of the one first due, to the prejudice of the others falling due at later periods; nor could such imputation be made to any particular note of the series on which there was a personal indorser, because, by the contract and in equity, each note was entitled to participate in the security, and there was no occasion to look beyond for the proper imputation of the proceeds. The contract in suit in the court below being written, the obligation of the surety cannot be extended by parol evidence, therefore, although the facts may be that the object and purpose of Rogers in requiring additional security, and the object and purpose of White, the defendant, in getting the indorsements on two of the notes, was to grant additional security outside of the mortgage, and that the purpose of neither was to divide securities with any surety who might indorse the first two mortgage notes; yet as John T. Moore is not shown to have been a party to any such understanding, his liability can only be measured by the notes that he indorsed, and these notes were mortgage notes of a series all equally secured by the same mortgage. The argument of counsel for plaintiff in error, Rogers, on this point, is ingenious, and appeals strongly in behalf of the equities involved: but we must hold in this action at law that only as John T. Moore bound himself shall he be bound. The verdict and judgment of the court below seem to be in accordance with the views herein expressed, and the judgment is therefore affirmed.